UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:14-CR-30 JD |
| DEMARCUS MORAN | |

**OPINION AND ORDER**

Demarcus Moran is imprisoned at USP Big Sandy. He is serving a 71-month sentence imposed by this Court after he was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He is 33 years-old and his expected release date is March 24, 2024.[1] He filed a motion under 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release, requesting a reduction in sentence. Because Mr. Moran has failed to show that extraordinary and compelling reasons warrant such a reduction, the motion will be denied.

**A. Background**

In December 2013, South Bend Police stopped a car in which Mr. Moran was a passenger. At the time, Mr. Moran had active felony warrants in St. Joseph County. As officers approached, Mr. Moran shoved several items into the glove box. Upon searching the car, the officers located inside the glove box a firearm along with baggies of cocaine, heroin, and marijuana. The firearm was loaded with ten rounds. Mr. Moran's had $832 in cash.

---

[1] See https://www.bop.gov/inmateloc/ (last visited April 17, 2023).

Mr. Moran admitted owning the cocaine and heroin. He also admitted having a prior armed robbery conviction and admitted to possessing the firearm that was recovered from the glove box.

Mr. Moran pleaded guilty to being a felon in possession of a firearm, and this Court sentenced him to 71 months of imprisonment. After his sentencing in this Court, St. Joseph Superior Court sentenced him in a separate case on two armed robbery convictions. There, he received a 10-year sentence to be served consecutive to the instant sentence.

After Mr. Moran moved for compassionate release, the Court referred his motion to the Federal Community Defender's Office, which determined that it was unable to assist him. Therefore, the Court will consider Mr. Moran's own submissions. In its response, the Government objects to Mr. Moran's motion.

**B. Standard of Review**

A court generally cannot modify a sentence once the sentence has been imposed. 18 U.S.C. § 3582(c). However, an exception to that general rule allows a court to modify a sentence, after considering the factors under § 3553(a), if "extraordinary and compelling reasons warrant such a reduction," the reduction is consistent with policy statements issued by the Sentencing Commission, and the defendant has submitted such a request to the warden at least 30 days before filing a motion or has fully exhausted all administrative rights within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). This analysis proceeds in two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) (*cert*. denied 142 S. Ct. 1363 (2022)). At the first step the defendant must identify an extraordinary and compelling reason warranting a sentence reduction. *Id.* If the defendant establishes such a reason, the district court, in the discretion

conferred by the statute, considers any applicable § 3553(a) factors as part of determining what reduction to award the defendant. *Id.*

The application notes to the Sentencing Guidelines offer some examples of when extraordinary and compelling reasons may be present. Those include when the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the prison. U.S.S.G. § 1B1.13 n.1. *See United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020) (finding the substantive aspects of U.S.S.G. § 1B1.13 and its Application Notes provide a "working definition" of "extraordinary and compelling reasons" that can guide a court's discretion "without being conclusive"). A defendant moving for his release bears the burden of establishing extraordinary and compelling reasons. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) ("Although it has appeared only in nonprecedential opinions until now, we have also said that the movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction.").

**C. Discussion**

Having reviewed Mr. Moran's submissions, the Court cannot tell if Mr. Moran had exhausted his administrative remedies within the Bureau of Prisons as required by statute before moving for compassionate release. *See United States v. Norris*, 2022 WL 1091564, *1 (7th Cir. Apr. 12, 2022) (unpublished) ("A court may grant a defendant's motion for compassionate release only if he files it after he 'has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf' or 'after ... the lapse of 30 days from the receipt of such a request by the warden.'" (citing 18 U.S.C. § 3582(c)(1)(A)). He

submitted a form that appears to be a request to the warden for an early release from prison (DE 87-1) but no other documentation, and the Government claims that no record exists of the warden ever receiving such a request. But no matter if Mr. Moran exhausted his administrative remedies, he has not shown extraordinary and compelling reasons warranting a reduction of his sentence. The Court also finds that, in any case, the § 3553(a) factors weigh against Mr. Moran's release.

In support of his motion, Mr. Moran asserts these circumstances: he takes medications for seizures, depression and has high blood pressure; he suffers from PTSD; although he's vaccinated, there are still inmates getting sick from Covid-19; his father had been shot nine times in August 2022, and he had been "looking out" for Mr. Moran's thirteen-year-old daughter; his family needs his support; the facility at which he is housed is "over capacitated," yet he has to remain there due to lower-level facilities being full as well; he saw another prisoner killed, and he's concerned for his own safety; and he has done everything possible to reform and rehabilitate himself.

While the Court appreciates the difficulties Mr. Moran says he's facing as a result of his imprisonment, he has not shown extraordinary and compelling reasons for changing his sentence. The Court will first address his health claims. His medical concerns relate to seizures and depression, for which he takes medication; PTSD; and high blood pressure. Other than claiming that he is suffering from these conditions, he provided no further information.

In response, the Government submitted Mr. Moran's medical record for the last two years which shows that he's "doing well" with his depression. (Gov't Exh. 2, DE 95-2 at 14.) In addition, he takes Dilantin for seizures and has not had a seizure since November 2018. (Gov't Exh. 1, 95-1 at 57; Gov't Exh. 2, DE 95-2 at 35.) The only mention of PTSD appears during the

4

May 19, 2021, evaluation stating that Mr. Moran has "history of treatment for . . . PTSD" (Exh. 1 at 105), but there's no indication that it's an ongoing issue. In fact, the same evaluation states that Mr. Moran "denied any current mental health complaints and denied experiencing any functional impairment associated with emotional or mental distress or symptoms. He was oriented to all modalities, displayed appropriate grooming and hygiene, his speech was clear and goal directed and there were no indications of acute, active symptoms." (*Id*.) The same is true of his claim of high blood pressure. The medical records don't indicate that high blood pressure is a serious problem for Mr. Moran. In fact, multiple evaluations show that his pulmonary and cardiovascular systems are "within normal limits." (Gov't Exh. 1, DE 95-1 at 10, 32, 47.)

Next, although Mr. Moran is worried that prisoners still get infected with Covid-19, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *United States v. Allegra*, No. 15 CR 243, DN 232 at 7 (N.D. Ill. Apr. 13, 2020). This is all the more true here because Mr. Moran is only thirty-three years old, he has been vaccinated against Covid-19, his health conditions are well controlled, and the pandemic has winded down. In fact, an overwhelming number of district courts across the country have held that being fully vaccinated drastically reduces the risk of becoming severely ill and therefore denied compassionate release. *See, e.g.*, *United States v. Pennington*, 2021 WL 1976803, at *2 (N.D. Ind. May 18, 2021) ("By far the biggest reason compassionate release is not appropriate in this case is that [the defendant] is vaccinated."); *United States v. Baeza-Vargas*, 2021 WL 1250349, at *3 (D. Ariz. Apr. 5, 2021) (citing more than a dozen cases); *United States v. Singh*, 2021 WL 928740, at *3 (M.D. Penn. March 11, 2021) ("as a result of his vaccination, [the defendant] now has significant protection

against serious illness or death should he contract COVID-19 and, accordingly, the Court concludes that [the defendant] has not demonstrated that his underlying conditions—in combination with the possibility of a COVID-19 infection—provide extraordinary and compelling reasons to grant his motion for compassionate release"). In any case, apart from pointing out that some prisoners still contract Covid-19 infection, Mr. Moran has not provided any evidence that his combination of conditions puts him at serious risk should he develop a breakthrough infection. Nor has he provided any data suggesting that, if he were to contract the illness, his outcome would be more dire in prison than outside. In other words, he has not shown an extraordinary and compelling necessity for a change in his sentence. *See United States v. Vaughn*, 62 F.4th 1071, 1071–72 (7th Cir. 2023) (pointing out that defendant has not provided or pointed to any medical data suggesting that his combination of conditions puts him at serious risk should he develop a breakthrough infection and has not provided any data suggesting that he is at greater risk of a dire outcome inside prison than he would be outside).

    His other claims fare no better in showing extraordinary and compelling reasons for his release. He claims that his father had been shot nine times in August 2022. He says his father had been "looking out" for his thirteen-year-old daughter and is now unable to do so as he needs the care himself. The Court sympathizes with Mr. Moran's concerns but "family circumstances that would amount to an extraordinary and compelling reason [for compassionate release] are strictly circumscribed under the [applicable United States Sentencing Commission] policy statement." *United States v. Stewart*, No. 1:16-CR-89-HAB, 2020 WL 5406181, at *3 (N.D. Ind. Sept. 9, 2020) (collecting cases). Furthermore, at the time of his sentencing in 2014, Mr. Moran neither had custody of his daughter nor an obligation to pay child support. His motion does not say that her living arrangements have changed since then.

6

Next, Mr. Moran argues that his conditions of confinement constitute extraordinary and compelling reasons for his relief. In particular, he complains that he has been held at USP Big Sandy because there are no beds available at lower security prisons. He also fears for his life because he witnessed an inmate getting killed in a public area. Like other courts, this Court recognizes that, while a prisoner may challenge his conditions of confinement in a lawsuit, they do not present a valid basis for compassionate release. *See United States v. Ward*, 2022 WL 16538152 *3 (S.D. Ill. Oct. 28, 2022) (conditions of confinement can be challenged in a lawsuit, but do not justify compassionate release); *United States v. Nichols*, 2022 WL 2817514 *1 (E.D. Wis. Jul. 19, 2022) ("conditions of confinement do not constitute compelling reasons for compassionate release"); *United States v. Schnieder*, 2021 WL 4552941 *3 (E.D. Wis. Oct. 5, 2021) (while Defendant may challenge the conditions of his confinement, a motion for compassionate release "is not the proper vehicle to do so.").

But even if the above facts qualified as extraordinary and compelling reasons for relief, the Court would still deny Mr. Moran's motion based on its consideration of the § 3553(a) factors. In support of his motion, Mr. Moran asserts that he now understands the folly of his past criminal conduct and is committed to live differently. He wants to take care of his father and his daughter and is willing to abide by any conditions the Court may set.

The Court compliments Mr. Moran for his efforts to rehabilitate himself while he's serving out his sentence. However, the Court must consider not only his present ambitions but also his conduct that warranted imprisonment in the first place. Mr. Moran's offense is particularly troubling given his significant criminal history and the fact that he committed the offense just a month after being released from state prison and while still on probation. He was found possessing a loaded 9mm firearm along with baggies of cocaine, heroin, and marijuana,

and $832 in cash. At the time of this traffic stop, he was inside a school zone at a time of day when children were likely to be present.

What is more, Mr. Moran has a long criminal history that began when he was just 11 years old with attempted theft and mischief. At age 13, before completing juvenile probation, he committed an armed robbery resulting in bodily injury and was placed into custody of the Indiana Department of Corrections for nearly two years. After the release, he failed electronic monitoring and was returned to custody. At age 16, Mr. Moran was convicted in adult court of two counts of armed robbery and one count of burglary in the Elkhart Circuit Court. The Elkhart court imposed two concurrent terms of 10 years for the robbery counts, and one consecutive term of nine years for the burglary count. Shortly after his release from custody on November 5, 2013, the probation department filed a violation. Just a month later, Mr. Moran possessed the firearm and narcotics in a school zone which led to the instant federal indictment and sentence. This lengthy prior criminal history and Mr. Moran's failure to comply with the conditions of probation, coupled with the conduct underlying the instant offense, indicate a high likelihood to recidivate. Under these circumstances, the Court does not find that the § 3553(a) factors support Mr. Moran's compassionate release or a reduction in sentence.

**D. Conclusion**

The Court DENIES Mr. Moran's motion for compassionate release. (DE 87.)

SO ORDERED.

ENTERED: April 21, 2023

                                              /s/ JON E. DEGUILIO
                                              Chief Judge
                                              United States District Court